PUERTO RICO FINANCE CORPORATION, Appellant, v. THE REGISTRAR OF PROPERTY OF PONCE, Respondent.

Nos. G-66-1,         Decided June 5, 1968.
G-66-2.

*Carlos J. Faure* for appellant. The respondent Registrar appeared by brief.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

PER CURIAM: We have consolidated these two administrative appeals because the question raised therein is identical. We shall make reference to one of them. A woman acquired a real property, a house with a lot. In the deed of sale it appears that the purchaser is a widow. Likewise it appears that the vendor received part of the price agreed upon before the deed was signed. When it was presented to the Registry it was recorded with the curable defect that the civil status of the purchaser did not appear at the time she made a partial payment. The note determining this was not appealed from. See *Bacó* v. *Registrar*, 63 P.R.R. 669 (1944).

The purchaser needed to raise funds to pay the remaining amount. She obtained a loan from appellant herein. In order to guarantee its payment, it executed a mortgage on the real property to which reference was made before. When the deed was presented to the Registry, record was denied with the following decision:

"Record of the foregoing document, which is a copy of deed number 1126 executed in Ponce on November 16, 1964 before notary Carlos J. Faure, is hereby denied and in its place in accordance with the decision in the cases of Rivera v. Registrar, 17 P.R.R. 307 and De Jesús v. Registrar, 24 P.R.R. 581, notice is entered for 120 days, because it is noted that the record in favor of the debtor has the curable defect of not stating the civil status at the time she paid part of the selling price of the property, all at folio 158 of volume 901 of Ponce, property number 24391 entry A. The property is accordingly affected by a mortgage in favor of the Note Bearer for the amount of $500,000; a mortgage in favor of the Note Bearer for the amount of $100,000; mortgage in favor of the Note Bearer for the amount of $100,000; under restrictive conditions; mention of servitude in favor of the Water Resources Authority of Puerto Rico; mention of servitude in favor of Puerto Rico Aqueduct and Sewer Authority. Ponce, November 12, 1965."

Invoking the provisions of art. 65 of the Mortgage Law, 30 L.P.R.A. § 114,[1] appellant maintains that the Registrar

---

[1] Said section reads thus:

"Curable defects shall be those which affect the validity of an instrument without necessarily producing the nullity of the obligation therein constituted.

"Registrars shall not suspend the record, entry or cancellation of any instrument by reason of curable defects. The defects which the instrument may have shall be set forth in the record and whenever the necessary documents are presented for correcting the defects in the instrument, such correction shall be set forth by means of a marginal note.

"Incurable defects shall be such as necessarily render the obligation null and void.

"From the classification of curable defects made by the registrars, the interested party may appeal to the Supreme Court for final decision. The Supreme Court shall confirm or revoke the ruling of the registrar and the latter shall proceed in accordance with said decision."

should have recorded making reference to the curable defect which appears in the previous record.

*Bacó* v. *Registrar, supra,* upholds the position of the Registrar as to the fact that it was proper to record the deed of sale with the curable defect of not stating the civil status of the purchaser at the time she made her initial payment. In *Bacó* we stated that ". . . there is no doubt that it is important for the purposes of the registry to determine the civil status of the purchaser of the property, appellant therein, at the time that she paid said price. If at that time she was married, the acquisition should be presumed as conjugal property. . . . It is true that the appellant was a widow at the time of the execution of the deed, but no presumption exists whatsoever that she was a widow when she paid the stipulated price for the acquisition of the lot. *Delgado* v. *Registrar,* 23 P.R.R. 654, 656; *Figueroa* v. *Registrar,* 31 P.R.R. 360, and *Martínez* v. *Registrar,* 62 P.R.R. 832. The registrar's decision is not based on any presumption. Since it appears from the deed that the purchaser is a widow and that the stipulated price was paid prior to the execution of the deed, the registrar, on behalf of those who might have any right in the property belonging to the conjugal partnership which existed between the appellant and her deceased husband, acted correctly in requiring evidence of the civil status of the purchaser at the time that she paid the price for the property."

Although it is true that pursuant to the provisions of the above copied art. 65, a curable defect does not preclude subsequent records when the defect involves the capacity of the contracting parties, the question is different. As we stated in *Water Resources Authority* v. *Registrar,* 62 P.R.R. 724 (1944): "The failure to establish the capacity is one of the defects which, according to the commentators on the Mortgage Law, may be curable or incurable, depending upon each case. If by reason of the title presented or of the records in

the registry, the registrar has reasonable ground to believe that the capacity exists and that it is possible to establish it, the failure to do so must be regarded as a curable defect. If on the contrary, the registrar has no reasonable ground for such belief, the failure to establish the capacity should be regarded as an incurable defect and the record should be denied." Since the defect was not cured, the Registrar was correct in not recording, because it was not stated that the executing party was not married at the time she made the initial payment. And if she were, she would be mortgaging a real property without the presence of the heirs of the deceased husband. *Rivera* v. *Registrar*, 17 P.R.R. 307 (1911); *Nido & Cía. S. en C.* v. *Registrar*, 74 P.R.R. 737, 750 (1953). Paraphrasing what we stated in *Rivera*: if the appearing party in the present case really has the necessary capacity to execute the deed it will be very easy for her to show that fact; and when the legal obstacle is removed the record can be made without any difficulty whatever.

The notes of the Registrar appealed from will be affirmed.